ORIGINAL

FILED
DEC 15 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MERLIN P. NORTHCUTT and ELIZABETH F. NORTHCUTT | § | |
| | § | CIVIL NO. 1 06-860 T |
| Plaintiffs, | § | |
| v. | § | JUDGE:__________ |
| | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. Plaintiffs Merlin P. Northcutt and Elizabeth F. Northcutt ("Plaintiffs" or the "Northcutts") are citizens of the United States of America who live at 2500 Laguna Dr., Ft. Lauderdale, FL . 33316.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230, 6404, and 6621(c) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

**NORTHCUTT**
**COUNT ONE**
**(Calendar Year 1984)**

5. Merlin P. Northcutt and Elizabeth F. Northcutt filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-0444 and XXX-XX-0496, respectively.

6. For 1984, Merlin P. Northcutt was a limited partner in Ag-Venture Associates ("AVA") and Travertine Flame Associates, ("TFA"), both of which were California limited partnerships.

7. AVA and TFA timely filed their 1984 Form 1065 partnership tax returns.

8. A dispute arose between the IRS and AVA and TFA as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

9. The Tax Matters Partner and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

10. On August 5, 2002, the IRS assessed tax liability of $97,239.00 against the Northcutts for 1984 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $132,403.37 against the Northcutts for 1984.

11. On February 25, 1992, the Northcutts made an advance remittance of $470,000.00 to their 1984 tax account. The IRS applied that remittance to the August, 2002 assessments, which paid the liability in full. The IRS transferred the remaining portion of that advance remittance to other tax years.

12. On August 4, 2004, the Northcutts filed with the IRS a claim for refund of $97,239.00 of tax and $132,403.37, or such greater amount as is legally refundable, for the interest and §6621(c) penalty interest assessed and paid for 1984.

13. As grounds for recovery, the Northcutts restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1984:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner <u>after</u> the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired

constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not

require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404(e)(1) for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when

the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

14. Over six (6) months have elapsed since the Northcutts filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

15. The Northcutts are the sole owners of the claim asserted herein against the Defendant

and have made no assignment of said claim.

**NORTHCUTT**
**COUNT TWO**
**(Calendar Year 1985)**

16. Merlin P. Northcutt and Elizabeth F. Northcutt filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-0444 and XXX-XX-0496, respectively.

17. For 1985, Merlin P. Northcutt was a limited partner in Agri-Venture 85 ("AV85"), a California limited partnership.

18. AV85 timely filed its 1985 Form 1065 partnership tax return.

19. A dispute arose between the IRS and AV85 as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

20. The Tax Matters Partner and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

21. On September 2, 2002, the IRS assessed tax liability of $91,107.00 against the Northcutts for 1985 based upon that Tax Court decision. The IRS also assessed interest and §6621(c) penalty interest of $434,312.01 against the Northcutts for 1985.

22. Effective as of February 25, 1992, the IRS applied the $240,357.63 remaining portion of the advance remittance that had been applied to the Northcutts' 1984 tax account to their 1985 tax account. The IRS also applied the $52,111.58 remaining portion of the advance remittance that had been applied to the Northcutts' 1986 tax account to their 1985 tax account.

23. In a series of adjusting entries, partially related to application of the advance remittances, the IRS abated the September, 2002 tax assessment and adjusted the September, 2002 interest assessment. On August 2, 2004, the IRS re-assessed tax of $91,107.00. See further discussion below.

24. After the adjusting entries were made, the two advance remittances satisfied the 1985 liability in full.

25. On August 2, 2006, the Northcutts filed with the IRS a claim for refund of $91,107.00 of tax and $227,131.38 or such greater amount as is legally refundable, for the interest and §6621(c) penalty interest assessed and paid for 1985.

26. As grounds for recovery, the Northcutts restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the partnership was made more than three years after the partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into by the Tax Matters Partner after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations

period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely. It was filed within two years from the date of payment or assessment of tax. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. Additionally and in the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). It is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." **The controlling case is the very recent Fifth Circuit Court of Appeals opinion in *Weiner v. United States*, 389 F.3d 152 (5th Cir., 2004), copy attached, in which the Fifth Circuit clearly held that where the tax liability resulted from a settlement in a TEFRA partnership proceeding where the original FPAA asserted both "tax motivated" grounds for the adjustments and non-tax motivated grounds, §6621(c) penalty interest cannot be imposed.** The FPAA clearly contained numerous grounds for adjustment, most of which are not "tax motivated

transaction" grounds. This case followed the Tax Court case, *McCrary v. Commissioner*, 92 T.C. 827 (1989), and its progeny. This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

E. In addition and in the alternative, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on a §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

F. Total interest charges by the IRS were $227,131.38. This was grossly erroneous because the Plaintiffs' liability had been fully satisfied as of February 25, 1992, the date as of which their 1991 overpayment was applied to the 1986 tax account. In 2004, the IRS erroneously refunded

to them the monies applied to the 1986 account after having assessed the tax liability but omitting the interest assessment. Subsequently, the IRS reassessed as interest an amount equal to their erroneous overpayment. Therefore, the interest liability was grossly overassessed computing interest all the way to August 2, 2004 when, in fact, the liability had been satisfied fully as of February 25, 1992. This should also sustain abatement under §6404(e).

G. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction. Additionally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before assessing the §6621(c) penalty interest and that portion of the assessment is simply a naked and invalid assessment.

H. The recomputation of interest takes into account the doctrine in *Avon Products v. United States*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

I. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404(e)(1) for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from

December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

J. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

K. The portion of the interest refund sought that is attributable solely to the reversal of the §6621(c) penalty interest, taking into account *Avon Products* and §6402 is $166,092.44.

L. The portion of the interest refund sought that is attributable solely to the reversal of

the §6621(c) penalty interest, taking into account *Avon Products* and §6402 and applying §6404(e) is $210,075.19.

27. Over six (6) months have elapsed since the Northcutts filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

28. The Northcutts are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

**NORTHCUTT**
**COUNT THREE**
**(Calendar Year 1986)**

29. Merlin P. Northcutt and Elizabeth F. Northcutt filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-0444 and XXX-XX-0496, respectively.

30. For 1986, Merlin P. Northcutt was a limited partner in Western Ag Venture Associates ("WAVA"), a California limited partnership.

31. A dispute arose between the IRS and WAVA as to certain partnership items reported on the partnership's tax returns and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

32. The Tax Matters Partner and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

33. On August 26, 2002, the IRS assessed tax liability of $146,966.00 against the Northcutts for 1986 based upon that Tax Court decision. The IRS also assessed interest and §6621(c)

penalty interest of $605,090.84 against the Northcutts for 1985. In a series of adjusting entries, the IRS abated a portion of the August 26 , 2002 interest assessment.

34. In a series of payments and credits applied to the Northcutts' 1986 tax account from other tax years, the 1986 liability was paid in full.

35. On December 8, 2004, the Northcutts filed with the IRS a claim for refund of $37,341.00 of tax and $424,376.05, or such greater amount as is legally refundable, for the interest and §6621(c) penalty interest assessed and paid for 1986.

36. As grounds for recovery, the Northcutts restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. The claim is for tax and interest assessed relative to adjustments to partnership items and affected items related to Western Ag Venture Associates and Agri-Venture-1985 partnerships ("the Partnerships") for 1986.

B. The portion of the assessment of tax and interest attributable to Agri-Venture-1985 was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to§6401. The assessment related to that partnership was made more than three years after that partnership's return was filed. The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership

Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items."

B. In addition, a part of the portion of the assessment of tax and interest attributable to Agri-Venture-1985 is overstated and overassessed because the original computation of the Agri-Venture-1985 related assessment when the assessment was initially made in 2001 contained both an erroneous adjustment of an alleged unreported income from Agri-Venture-1985 in 1986 and the disallowance of an alleged at-risk loss carryover used in 1985 which was overstated. The facts as reflected on the original 1986 Form 1040 are that the 1986 income from Agri-Venture-1985 was, in fact, reported and the suspended at-risk loss was used only to the extent of the reported income. The net result is that based on this error alone, the original tax assessment was overstated by $21,938. Therefore, the alternative claim in this paragraph is for the excess tax assessment of $21,938 even if the statute of limitations claim is not sustained. These issues are more fully set forth in the correspondence to Ms. Beth Delfoss at the Internal Revenue Service containing the explanation and the informal claim for refund on January 20, 2004 and subsequently on November 30, 2004, attached to the Form 1040X and Form 843 refund claims for 1986.

C. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to §6401. *Alexander, supra; Cohen v. Commissioner*,

91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

D. The claim was timely. It was filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

E. Additionally and in the alternative, even if the grounds for refund set forth in Paragraphs 1 and 2 are not sustained, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). It is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." **The controlling case is the very recent Fifth Circuit Court of Appeals opinion in *Weiner v. United States*, 389 F.3d 152 (5th Cir., 2004), copy attached, in which the Fifth Circuit clearly held that where the tax liability resulted from a settlement in a TEFRA partnership proceeding where the original FPAA asserted both "tax motivated" grounds for the adjustments and non-tax motivated grounds, §6621(c) penalty interest cannot be imposed.** The FPAA clearly contained numerous grounds for adjustment, most of which are not "tax motivated transaction" grounds. This case followed the Tax Court case, *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny. This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. In addition and in the alternative, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

G. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404(e)(1) for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Shreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from

December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

J. Additionally and in the alternative a refund should be granted in an amount equal to the relief requested by Plaintiffs in Paragraphs 5 through 8 which the Plaintiffs should have been able to seek in an offer in compromise, but which the IRS notified Plaintiffs' counsel would be denied by

the IRS based on its improperly restrictive regulations under §7122 regarding effective tax administration offers in compromise and their refusal to consider offers in compromise after Plaintiffs fully paid the liability.

K. The portion of the interest refund sought that is attributable solely to the reversal of the §6621(c) penalty interest is $165,652.24.

L. The computation of the interest refund sought that is attributable to all issues raised is $424,736.05.

37. Over six (6) months have elapsed since the Northcutts filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

38. The Northcutts are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Merlin P. Northcutt and Elizabeth F. Northcutt pray for judgment against the Defendant the United States of America in the amount of $1,009,597.80, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)