# In the United States Court of Federal Claims

No. 06-860T
Filed: January 31, 2012

************************************************

| | |
|---|---|
| * | |
| * | |
| MERLIN P. NORTHCUTT, * | |
| * | |
| and * | AMCOR; |
| * | Federal Income Tax Partnerships; |
| ELIZABETH F. NORTHCUTT, * | Final Partnership Administrative |
| * | Adjustment; |
| Plaintiffs, * | Sham Transactions; |
| * | Tax Motivated Interest, 26 U.S.C. § |
| v. * | 6621(c); |
| * | Reconsideration, RCFC 54(b). |
| THE UNITED STATES, * | |
| * | |
| Defendant. * | |
| * | |
| * | |

************************************************

**Thomas E. Redding**, Redding & Associates, P.C., Houston, Texas, Counsel for Plaintiffs.

**Christopher S. Dove**, United States Department of Justice, Tax Division, Washington, D.C., Counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

**BRADEN,** *Judge.*

Pending before the court is Plaintiffs' August 4, 2011 Motion For Reconsideration ("Pl. Mot.") in their AMCOR partnership tax refund case. Plaintiffs argue, first, that their limitations and penalty interest claims were reinstated when the April 18, 2008 judgment against them was vacated on July 1, 2008, and, second, if these claims were not reinstated, then reconsideration of their dismissal is warranted. For the reasons stated herein, the Plaintiffs' Motion For Reconsideration is denied.

I.      **RELEVANT BACKGROUND AND PROCEDURAL HISTORY.**[1]

        In 1984, 1985, and 1986, Merlin and Elizabeth Northcutt invested in limited partnerships managed by American Agri-Corp, Inc. ("AMCOR") that made investments in certain agricultural crops.[2]  Compl. ¶¶ 6, 17, 30; *see also Prati I*, 81 Fed. Cl. at 425.  Investors paid for all the farming expenses up front, and then deducted the amount invested from their federal income taxes.  *Prati I*, 81 Fed. Cl. at 425.  In short, "by participating in an AMCOR partnership, an investor could obtain what amounted to an interest-free loan from the [federal] government for the unpaid portion of [the investor's] taxes."  *Id.* at 426.

        In 1987, AMCOR partnerships became the subject of an Internal Revenue Service ("IRS") investigation and audit.  *Id.* at 424.  In 1991 and 1992, the IRS issued 43 Notices of Final Partnership Administrative Adjustment ("FPAA"),[3] disallowing deductions from AMCOR partnerships "for several reasons, including that the partnership activities constituted a series of 'sham transactions.'"  *Prati III*, 603 F.3d at 1302.  Representatives of the AMCOR partnerships then filed petitions in United States Tax Court challenging the FPAAs.  Compl. ¶¶ 8, 19, 31; *see also Prati III*, 603 F.3d at 1302.  In 2001, the AMCOR partnerships, the IRS, and the Tax Court entered stipulated decisions in those cases.  Compl. ¶¶ 9, 20, 32; *see also Prati III*, 603 F.3d at 1303.  Some of the AMCOR partners, however, settled their disputes individually by executing Form 870-P(AD) prior to the issuance of the Tax Court's stipulated decision (the "settled partners").  *See Prati III*, 603 F.3d at 1303.

        The Northcutts were among those partners who declined to settle ("the unsettled partners") and are bound by the stipulated decisions.  Compl. ¶¶ 9-10, 20-21, 32-33.  Subsequently, the IRS assessed the Northcutts, and other AMCOR partners, for unpaid federal taxes and interest, including § 6621(c) tax-motivated interest, for each of the three years at issue.  Compl. ¶¶ 10, 21, 33.  The Northcutts then paid the assessed tax liability for each year.  Compl. ¶¶ 11, 22, 34.

        Beginning in 2001, AMCOR partners began to file refund cases in the United States Court of Federal Claims.  *See Prati I*, 81 Fed. Cl. at 423.  As of the time *Prati I* was decided, approximately 129 AMCOR Partnership cases had been filed in the United States Court of Federal Claims.  *Id.*

---

[1] The relevant facts recited herein are derived from Plaintiffs' December 15, 2006 Complaint ("Compl."), as well as decisions in related cases by the United States Court of Federal Claims in *Prati* v. *United States*, 81 Fed. Cl. 422 (2008) ("*Prati I*"); and *Prati* v. *United States*, 82 Fed. Cl. 372 (2008) ("*Prati II*"); and by the United States Court of Appeals for the Federal Circuit in *Prati* v. *United States*, 603 F.3d 1301 (Fed. Cir. 2010) ("*Prati III*").

[2] Specifically, the Northcutts invested in the following partnerships:  Ag-Venture Associates ("AVA"), Travertine Flame Associates ("TFA"), Agri-Venture 85 ("AV85"), and Western Ag Venture Associates ("WAVA").  Compl. ¶¶ 6, 17, 30.

[3] A FPAA is the method by which the IRS notifies a partner that the IRS is making an adjustment to an item in a partnership's federal income tax filing.  *See Prati I*, 81 Fed. Cl. at 426.

On December 15, 2006, the Northcutts filed a Complaint alleging six separate grounds for recovery:

(1) Three claims that the IRS assessed taxes after the statute of limitations period had expired for tax years 1984, 1985, and 1986.  Compl. ¶¶ 13.A-B, 26.A-B, 36.B-C (the "limitations claims").

(2) Three claims concerning an improperly imposed § 6621(c) penalty interest rate for tax years 1984, 1985, and 1986.  Compl. ¶¶ 13.D-F, 26.D-E, 26.G, 36.E-G (the "penalty interest claims").

(3) Three claims concerning interest that should have been abated under 26 U.S.C. § 6404(e) for tax years 1984, 1985, and 1986.  Compl. ¶¶ 13.H-I, 26.I-J, 36.H-I (the "interest abatement claims").

(4) One claim concerning over-assessed interest, after applying a 1991 overpayment for tax year 1985. Compl. ¶ 26.F.

(5) One claim concerning an over-assessment of the AV85-related portion of the tax for tax year 1986. Compl. ¶ 36.B.

(6) One claim concerning an offer-in-compromise for tax year 1986. Compl. ¶ 36.J.

Pursuant to the United States Supreme Court decision in *Hinck* v. *United States*, 550 U.S. 501, 503 (2007), holding that "the Tax Court provides the exclusive forum for judicial review of a refusal to abate interest under § 6404(e)(1)," the interest abatement claims were dismissed. *Prati I*, 81 Fed. Cl. at 440; *see also* Pl. Mot. at 1.  In addition, in Plaintiffs' August 4, 2011 Motion For Reconsideration, Plaintiffs voluntarily dismissed their "offer-in-compromise" claim. Pl. Mot. at 2; *see also* Notice Of Partial Dismissal, August 4, 2011, ECF No. 23.

Of the 129 AMCOR tax refund cases eventually filed in the United States Court of Federal Claims, 124 were assigned to the Honorable Lawrence J. Block "for administrative convenience and efficiency[.]" [4]  *Prati I*, 81 Fed. Cl. at 423.  On July 17, 2007, the parties in three representative cases (*Prati* v. *United States*, No. 02-60T; *Isler* v. *United States*, No. 01-

---

[4] Among the cases that were not transferred to Judge Block were *Keener* v. *United States*, Nos. 03-2028T and 04-907T, which were assigned to the Honorable Francis M. Allegra.  On April 18, 2007, Judge Allegra held that the United States Court of Federal Claims did not have jurisdiction, pursuant to 26 U.S.C. § 7422(h), to adjudicate the plaintiffs' claim that the FPAAs were issued after the applicable limitations period had expired (the limitations claims), nor to adjudicate any claims regarding the imposition of penalty interest under 26 U.S.C. § 6621(c) (penalty interest claims).  *See Keener* v. *United States*, 76 Fed. Cl. 455, 466, 470 (2007) ("*Keener I*").

Both types of claims were similarly dismissed for lack of jurisdiction in *Prati I*, 81 Fed. Cl. at 429-39.

344T; and *Scuteri* v. *United States*, No. 01-358T) jointly filed a chart that identified 77 of those 124 cases as presenting two common issues: (1) whether assessments made against the various plaintiffs were untimely because these assessments occurred after the statue of limitations expired; and (2) whether the assessment of 26 U.S.C. § 6221(c) penalty interest was improper because the AMCOR tax partnerships were not tax-motivated.[5]  *See Prati I*, 81 Fed. Cl. at 423; *see also Prati III*, 603 F.3d at 1303.  These common issues correspond with the limitations claims and penalty interest claims asserted by the Northcutts' December 15, 2006 Complaint. *See* Compl. ¶¶ 13.A-B, 26.A-B, 36.B-C (limitations claims); Compl. ¶¶ 13.D-F, 26.D-E, 26.G, 36.E-G (penalty interest claims); *see also Prati I*, 81 Fed. Cl. at 423 n.2 (listing the 77 cases presenting legally and factually similar claims, including this case).  The parties then selected *Prati* as a representative case to decide the common issues, and the 76 other cases were stayed pending the final resolution thereof.[6]  *See Prati III*, 603 F.3d at 1303.

On April 16, 2008, Judge Block issued *Prati I*, determining that the United States Court of Federal Claims did not have jurisdiction, pursuant to 26 U.S.C. § 7422(h), to adjudicate the limitations claims or the penalty interest claims, and thus that those claims should be dismissed. *See Prati I*, 81 Fed. Cl. at 440.  The court also ordered that the other 76 cases presenting similar issues be dismissed, including the instant case.  *See id.*  On April 18, 2008, a Final Judgment was entered in the Northcutts' case "[p]ursuant to the court's Published Opinion and Order [in *Prati I*.]" Entry Of Judgment, April 18, 2008, ECF No. 6.

On April 30, 2008, the plaintiffs in *Prati I* filed a Motion For Reconsideration, and requested therein that the Motion be deemed filed in the other 76 cases that had been dismissed subject to *Prati I*.  *See* April 30, 2008 Pl. Mot. For Recons. at 1, *Prati II*, 82 Fed. Cl. 373 (No. 02-60T), ECF No. 89; *see also* Pl. Mot. To Alter Or Amend J. at 1, May 2, 2008, ECF No. 7.  In addition, if the court did not grant reconsideration of *Prati I*, plaintiffs requested that (1) the judgment be vacated in each of the 77 cases, and then all 77 be cases stayed pending the outcome in the *Keener* case on appeal, or, (2) in the alternative, that the judgments be vacated, all 77 cases consolidated, and then the judgments re-entered to allow for a single consolidated appeal of all the cases.  *Id.* at 2.[7]

---

[5] The 77 cases, however, were never formally consolidated or combined.  *Prati II*, 82 Fed. Cl. at 374.

[6] Significantly, the Pratis were settled partners.  *See Prati I*, 81 Fed. Cl. at 426.

[7] On May 2, 2008, the Northcutts also filed a Motion To Alter Or Amend The April 18, 2008 Judgment, pursuant to RCFC 59(e), arguing that the April 18, 2008 Entry Of Judgment was improper, as it settled two claims not decided by *Prati I*, *i.e.*, the Northcutts' claim that interest liability for 1985 was over-assessed by the IRS, because of a computing error, and their claim that the tax and interest assessments for 1986 were over-assessed, because the IRS erroneously adjusted unreported income from AV85.  Pl. Mot. To Alter Or Amend J. at 3, May 2, 2008, ECF No. 7.  Accordingly, the Northcutts requested the United States Court of Federal Claims to vacate judgment and either: (1) stay their case pending the outcome of the appeals in *Keener* and *Prati*; or (2) allow them "to pursue their cause(s) of action not subject to the holdings in the *Prati* [*I*] opinion."  *Id.*  The May 2, 2008 Motion was one of 15 similar motions filed that same day in

On May 13, 2008, the Government filed a Response to the April 30, 2008 Motion For Reconsideration, but did not object to vacating judgment in 17 cases[8] in which various plaintiffs, including the Northcutts, presented unresolved, case-specific claims. *See* Gov't Resp. To Mot. For Recons. at 6-9, *Prati II*, 82 Fed. Cl. 373 (No. 02-60T), ECF No. 90.

On June 6, 2008, Judge Block issued an Order granting the *Prati* plaintiffs' request that their April 30, 2011 Motion For Reconsideration be deemed to be filed in all 77 cases covered by *Prati I*. *See* Order, June 6, 2008, *Prati II*, 82 Fed. Cl. 373 (No. 02-60T), ECF No. 93; *see also Prati II*, 82 Fed. Cl. at 374 n.2.

On July 1, 2008, Judge Block issued a decision on the April 30, 2011 Motion For Reconsideration as to the 77 cases covered by *Prati I*. *See Prati II*, 82 Fed. Cl. at 374. The opinion began by reiterating that both *Prati I* and the April 30, 2008 Motion For Reconsideration applied in all 77 cases, not just the *Prati* case, although the cases had never been "formally consolidated or combined[.]" *Id*. Judge Block then denied the April 30, 2008 Motion For Reconsideration insofar as it applied to the limitations and penalty interest claims common to all 77 cases. *Id*. at 379. Judge Block, however, vacated judgment in the 15 cases, including the Northcutts' case, listed in footnote 4 of the July 1, 2008 opinion "for the limited purpose of allowing plaintiffs to pursue any unresolved, case-specific claims that may still be outstanding." *Id*.

Subsequently, on July 1, 2008, the Northcutt case was re-opened per the opinion in *Prati II*, and the April 18, 2008 Entry Of Judgment was noted to be "VACATED BY 07/01/08 ORDER" in the docket report.

On November 21, 2008, the Northcutts' case was stayed pending the outcomes of *Keener I* and *Prati I* in the United States Court of Appeals for the Federal Circuit.

On January 8, 2009, the United States Court of Appeals for the Federal Circuit issued *Keener* v. *United States*, 551 F.3d 1358 (Fed. Cir. 2009) ("*Keener II*"), wherein the court affirmed the trial court's decision to dismiss the plaintiffs' limitations and penalty interest claims for lack of jurisdiction. *Id*. at 1367. Our appellate court, however, subsequently denied the Government's motion for summary affirmance in all *Keener*-related cases, and instead allowed the plaintiffs in those cases "to present argument as to why *Keener* [*II*] should not control the disposition of the remaining cases." *Prati III*, 603 F.3d at 1304. Thereafter, *Deegan* v. *United States*, No. 06-594T, was selected as the representative case for those cases involving "any issues raised by the different legal status of the settling and the non-settling partners[.]" *Id*. at 1305.

---

other cases in the United States Court of Federal Claims, wherein plaintiffs had filed claims in addition to those decided by *Prati I*. *See Prati II*, 82 Fed. Cl. at 375.

[8] The Government did not object to vacating judgment in the 15 cases in which motions to vacate had been filed, as well as two additional cases, *Cannon* v. *United States*, No. 02-61, and *Wyckoff* v. *United States*, No. 02-772, in which plaintiffs' counsel had indicated additional issues were unresolved, but had not filed motions to vacate. *Prati II*, 82 Fed. Cl. at 375.

Thus, the stays in *Prati* and *Deegan* were dissolved to allow those cases to proceed as representative cases of the 57 cases appealing the decisions in *Prati I* and *Prati II*.  *Id.* at 1304.

On May 5, 2010, the United States Court of Appeals for the Federal Circuit issued *Prati III*, in which it affirmed the United States Court of Federal Claims decision to dismiss the limitations and penalty interest claims in *Prati* and *Deegan*.  *Id.* at 1309.  On December 9, 2010, our appellate court issued a non-precedential order summarily affirming the dismissal of the remaining cases on appeal from the decisions in *Prati I* and *Prati II*.  *See Keefe* v. *United States*, 407 Fed. App'x 420 (Fed. Cir. 2010).

On February 2, 2011, the Northcutts filed a Motion To Transfer this case, together with 35 other cases, to the Honorable Charles F. Lettow so that common and/or case-specific claims could be adjudicated.

On March 29, 2011, Judge Block issued an Order, "[p]ursuant to the Order filed this date in lead AMCOR case Isler, 01-344 T," denying the February 2, 2011 Motion To Transfer and requiring the filing of a Joint Status Report by May 13, 2011.  Order, March 29, 2011, ECF No. 12 ("March 29, 2011 Order").  Attached to the Order was a March 29, 2011 Order issued in *Isler* v. *United States*, No. 01-344T, denying the Motion to Transfer on the grounds that the common claims that plaintiffs asserted existed between the cases no longer existed, because those common claims were resolved by *Prati I* and *Prati II*.  March 29, 2011 Order, Attach. No. 1 ("March 29, 2011 *Isler* Order") at 3.  Judge Block specifically rejected the plaintiffs' argument that the court's July 1, 2008 Order vacating judgment in the 15 cases with case-specific claims also vacated dismissal of the common claims, *i.e.*, the limitations claims and penalty interest claims.  *Id.*  Instead, the purpose of the July 1, 2008 Order was to allow the plaintiffs to pursue case-specific claims.  *Id.*  Judge Block also reiterated that the holding of *Prati I* remained the law in each of the cases in which judgment had been vacated.  *Id.*  Finally, Judge Block stated that *Prati I* "stood undisturbed upon reconsideration," and therefore the merits of any arguments "regarding a conflict between the Federal Circuit's panel decisions in *Prati* and *Jade Trading*[, *LLC* v. *United States*, 598 F.3d 1372 (Fed. Cir. 2010)] . . . are arguments to be made to the Federal Circuit on appeal, once the taxpayer-specific claims are resolved and final judgment is reentered in these . . . cases."  *Id.*

On March 30, 2011, Chief Judge Emily C. Hewitt issued an Order to reassign the Northcutts' case, along with nine other cases.  On March 31, 2011, the Northcutts' case was reassigned to the undersigned judge.

On April 29, 2011, the Government filed a Motion For Rescission Of Transfer, because Plaintiffs' counsel represented that he intended to file a Motion To Reconsider Judge Block's March 29, 2011 Order prohibiting continued litigation of the limitations claims and penalty interest claims in each of the ten cases that had been reassigned pursuant to Chief Judge Hewitt's March 30, 2011 Order.  The court has not yet ruled on this Motion.

On May 26, 2011, the parties filed a Joint Status Report stating that "the only claims remaining unresolved [in this case] are the excessive assessment claims in paragraphs 26.F and 36.B . . . of plaintiffs' complaint[,]" in light of the opinions in *Prati I* and *Prati II*, and the

Northcutts' decision no longer to pursue their offer-in-compromise claim in paragraph 36.J of the December 15, 2006 Complaint.   Joint Status Report at 2, May 26, 2011, ECF No. 18.   The Northcutts, however, represented that they intended to file a Motion To Reconsider *Prati I*.   *Id.*

On August 4, 2011, Plaintiffs filed a Motion For Reconsideration, with attached Exhibits 1-20, arguing that their limitations and penalty interest claims had not been dismissed, and if they had been dismissed, requesting that the court reconsider the ruling in *Prati I*.

On September 6, 2011, the Government filed a Response ("Gov't Resp.").

On September 16, 2011, Plaintiffs filed an Unopposed Motion For Leave To File A Reply To The Government's September 6, 2011 Response that was granted by the court on September 19, 2011.   On September 22, 2011, Plaintiffs filed the aforementioned Reply ("Pl. Reply").

## II.   DISCUSSION.[9]

### A.   Whether Plaintiffs' Limitations And Penalty Interest Claims Have Been Dismissed.

#### 1.   Plaintiffs' Argument.

The Northcutts state that their August 4, 2011 Motion To Reconsider addresses whether the court's July 1, 2008 Order Vacating Judgment reinstated their limitations and penalty interest claims or whether those claims have been dismissed.   Pl. Mot. at 2.   The Northcutts' Motion, however, does not address or otherwise argue why their limitations and penalty interest claims were not reinstated by the July 1, 2008 Order.

#### 2.   Government's Response.

The Government argues that, "[w]ithout question," the Northcutts' limitations and penalty interest claims were not reinstated.   Gov't Resp. at 9.   Judge Block clearly explained this in *Prati II* and again in the March 29, 2011 *Isler* Order, attached to the March 29, 2011 Order in this case.   Gov't Resp. at 9 (citing *Prati II*, 82 Fed. Cl. at 379; March 29, 2011 *Isler* Order at 3).

#### 3.   Plaintiffs' Reply.

Plaintiffs reply that the court never entered a ruling *in this case* that the court did not have jurisdiction to adjudicate their limitations and penalty interest claims.   Pl. Reply at 4.   Instead, the court *sua sponte* dismissed all of Plaintiffs' claims and then vacated that judgment in its entirety, without any limiting language, thereby reinstating all of the Northcutts' claims.   Pl.

---

[9] The court concurs with the recent opinions denying reconsideration of related cases in *Corkill* v. *United States*, No. 07-147T (Fed. Cl. Jan. 6, 2012) (unpublished); *Fournier* v. *United States*, __ Fed. Cl. __, 2011 WL 6187094 (Dec. 13, 2011); *Martin* v. *United States*, __ Fed. Cl. __, 2011 WL 6035557 (Dec. 5, 2011); and *Boland* v. *United States*, No. 06-859T (Fed. Cl. Nov. 17, 2011) (unpublished).

Reply at 4.  Plaintiffs point out that they never agreed that the representative cases would control for all purposes – only for preliminary legal questions.  Pl. Reply at 1.  Moreover, Judge Block was mistaken that the 77 cases decided by *Prati I* present virtually identical legal and factual allegations.  Pl. Reply at 2 (citing *Prati I*, 81 Fed. Cl. at 422).  In addition, no dispositive motions were filed in this case prior to the *sua sponte* April 18, 2008 Entry Of Judgment, and no published opinions/orders were issued in this case, nor were the opinions and orders in *Prati* ever "entered or otherwise incorporated in the record of this case."  Pl. Reply at 3-4.

### 4.  Court's Resolution.

On May 26, 2011, Plaintiffs submitted a Joint Status Report on behalf of both parties representing to the court that, pursuant to prior Orders issued by Judge Block, the Northcutts' limitations and penalty interest claims were dismissed.  *See* Joint Status Report at 1-2, ECF No. 18.  Now they argue that this is not the case, as their claims were reinstated by the July 1, 2008 Order To Vacate.  The Northcutts were correct the first time around.

On April 18, 2008, Judge Block ordered that all claims by the Northcutts be dismissed for lack of jurisdiction, "[p]ursuant to the court's Published Opinion and Order" in *Prati I*, that dismissed the limitations and penalty interest claims in *Prati* and 76 other cases, including the Northcutts' case.  Entry Of Judgment, April 18, 2008, ECF No. 6; *see also Prati I*, 81 Fed. Cl. at 440 (ordering that "all 76 other related cases cited in footnote 2 of this opinion," which includes the Northcutts' case, be dismissed for "lack of jurisdiction").  On July 1, 2008, this judgment was "VACATED BY 07/01/08 ORDER" and an unnumbered docket entry on that same date stated "Case Reopened per Order of 07/01/2008 in Case 02-60 T."  These docket entries signify that judgment was vacated, and the case reopened, pursuant to Judge Block's opinion in *Prati II*.

The decision in *Prati II* addressed a Motion To Reconsider that was deemed filed in all 77 cases dismissed by *Prati I*, including the Northcutts' case.[10]  *See Prati II*, 82 Fed. Cl. at 374.  In *Prati II*, the court denied reconsideration of the earlier ruling that the court did not have jurisdiction to adjudicate the plaintiffs' limitations and penalty interest claims.  *Id*. at 376-79.  Judge Block then addressed the 15 individual motions to vacate that were separately filed, including in the Northcutts' case, and determined that "new information" required the court to vacate the decisions "for the limited purpose of permitting plaintiffs to pursue any unresolved case-specific claims that may still exist.  The Court is not reconsidering its opinion in *Prati* – the opinion remains the law in each case."  *Id*. at 379.  Judge Block also was clear that the rulings in *Prati I* and *Prati II* applied to the Northcutts' case in the March 29, 2011 *Isler* Order that was referenced in, and attached to, the court's March 29, 2011 Order in this case.  *See* March 29, 2011 *Isler* Order at 2-3.

Given this procedural history and the clear language in *Prati II*, the court has determined that the Northcutts' limitations and penalty interest claims were not reinstated by the July 1, 2008 Order to Vacate, and thus remain dismissed.

---

[10] Moreover, the decision to deem the Motion filed in all 77 cases was made *pursuant to request of the* Prati *plaintiffs' counsel*, the same counsel representing the Northcutts.  *See Prati II*, 82 Fed. Cl. at 374.

Furthermore, in both *Prati II* and in the subsequent March 29, 2011 *Isler* Order, Judge Block made it clear that *Prati I* is the law of the case for the Northcutts' limitations and penalty interest claims. *See Prati II*, 82 Fed. Cl. at 379; March 29, 2011 *Isler* Order at 3. Accordingly, *Prati I* remains the law of the case as to the Northcutts' limitations and penalty interest claims.

### B.    Whether Reconsideration Of *Prati I* Is Appropriate.

#### 1.    Plaintiffs' Argument.

The Northcutts argue that reconsideration is warranted under RCFC 54(b), 59(a), and 60(b)(6). Pl. Mot. at 18. They contend that Judge Block misapprehended several facts in *Prati I* and *Prati II*; there have been significant changes in law and fact since *Prati I*, *Prati II*, and *Prati III* were issued; and reconsideration is necessary to prevent a manifest injustice. Pl. Mot. at 19-21.

Specifically, in *Prati I* and *Prati II*, Judge Block erred when he found that: (a) the Northcutts' case was consolidated with *Prati* for any purpose; (b) the facts of unsettled partners are virtually identical to those of settling partners; (c) the legal arguments of unsettled partners are virtually identical to those of settling partners; and (d) the Northcutts had ever waived their right to conduct discovery to distinguish their case from the representative cases. Pl. Mot. at 19.

In addition, the Northcutts argue that "reconsideration is needed to prevent manifest injustice because the Northcutts understood that by agreeing to stay their case they retained the right to later conduct discovery and distinguish their facts from those of the test cases." Pl. Mot. at 27-28.

The Northcutts' argument that there has been a change in law and a change in fact begins by pointing out that neither *Prati I*, nor *Prati III*, nor *Keener II* ever addressed the application of *res judicata*. The United States Court of Appeals for the Fifth Circuit, however, held in *Duffie* v. *United States*, 600 F.3d 362 (5th Cir. 2010), that "in TEFRA-related refund suits where the assessment was based on a partnership-level Tax Court decision [such as this case], *res judicata* is a threshold issue that must be resolved *before* the refund court addresses whether [26 U.S.C.] §7422(h) bars exercise of its existing . . . refund jurisdiction." Pl. Mot. at 27. In other words, *res judicata* is the threshold analysis that must be undertaken, and only if all four factors are met does § 7422(h) serve as a jurisdictional bar. Pl. Mot. at 29.

The Northcutts argue that binding Federal Circuit precedent issued before and after *Prati III* in *Jade Trading, LLC* v. *United States*, 598 F.3d 1372 (Fed. Cir. 2010), and *Stobie Creek Inv., LLC* v. *United States*, 608 F.3d 1366 (Fed. Cir. 2010), affects the *res judicata* analysis of the limitations and penalty interest claims in two ways. Pl. Mot. at 27. First, these cases control the proper classification of affected items under 26 U.S.C. § 6231(a)(5). Pl. Mot. at 27. Second, they recognize that courts in partnership-level suits, such as the Tax Court lawsuits in this case, have no jurisdiction over affected items. Pl. Mot. at 27. The Northcutts also argue that intervening United States Supreme Court precedent in *Henderson ex rel. Henderson* v. *Shinseki*, 131 S. Ct. 1197 (2011), and *United States* v. *Tohono O'Odham Nation*, 131 S. Ct. 1723 (2011),

affects one or more elements of the *res judicata* analysis, as explained more fully below.   Pl. Mot. at 27.

The Northcutts further argue that the affidavit of Fredrick H. Behrens, the Tax Matters Partner ("TMP")[11] for the Northcutts' AMCOR partnerships, is new evidence, "not available to either the Pratis or the Deegans," that shows that § 7422(h) cannot be a jurisdictional bar under proper *res judicata* analysis.  Pl. Mot. at 27.

The Northcutts then argue that none of the four *res judicata* factors are met as to their penalty interest claims.  Pl. Mot. at 28-34.  Their argument focuses on distinguishing their case from *Duffie*, in which the Fifth Circuit found that the *res judicata* factors were met.  *See* Pl. Mot. at 28-34.  In particular, the Behrens Affidavit demonstrates that the TMP for their AMCOR partnerships did not intend to agree that the transactions were "sham" transactions, affecting the outcome of the "court of competent jurisdiction" and "final judgment on the merits" factors of the *res judicata* analysis.  Pl. Mot. at 30-34.

The Northcutts next turn to the *res judicata* analysis of their limitations claims, arguing, again, that none of the four *res judicata* factors are met.  Pl. Mot. at 34-40.  The Northcutts were not a party to the Tax Court cases, because participation was barred under 26 U.S.C. § 6226(d)(1)(B) for pre-1997 tax years, and thus could not satisfy the "identical parties" *res judicata* factor.  Pl. Mot. at 35.  Moreover, *Prati III* "overlooked" *Jade Trading* in asserting that the Deegans were required to litigate their limitations claim in the Tax Court case.  Pl. Mot. at 35-36 (citing *Prati III*, 603 F.3d at 1309).  In addition, the Federal Circuit's rationale as to why the Deegans could participate in the Tax Court case is in tension with the subsequent Supreme Court precedent in *Henderson*, which held that jurisdictional statutory language "may not be ignored under equitable principles," and thus the United States Court of Appeals for the Federal Circuit's analysis "cannot stand."  Pl. Mot. at 36-37 (citing *Henderson*, 131 S. Ct. at 1204-06).  Similarly, in *Tohono O'Odham*, the United States Supreme Court "reversed the Federal Circuit for doing to 28 U.S.C. § 1500 what *Prati III* did to pre-1997 §6226(d)(1)(B)[.]"  Pl. Mot. at 37 (citing *Tohono O'Odham*, 131 S. Ct. at 1729-30).  Furthermore, the "court of competent jurisdiction" *res judicata* factor is not met, as the Tax Court could not determine a partner's limitations period under *Jade Trading*.  Pl. Mot. at 38.  The "final judgments on the merits" factor is also not met, both because the Behrens Affidavit establishes that the parties never intended the stipulated decisions to be final judgments on the merits and because the Tax Court did not have jurisdiction under *Jade Trading*, an issue *Prati III* never addressed.  Pl. Mot. at 38-40.  Finally, the "same claim or cause of action" factor is not met because, under *Jade Trading*, the Tax Court did not have jurisdiction to decide an affected item.  Pl. Mot. at 40.

## 2.    Government's Response.

The Government responds that the relevant issue is not whether *Prati I* should be reconsidered, but this case's relation to *Prati III* and *Keener II*, both of which are binding authority dismissing limitations and penalty interest claims as a matter of law for all AMCOR partners.  Gov't Resp. at 10.

---

[11]  The Tax Matters Partner "is a person or entity designated as such by the partnership under applicable regulations[.]"  *Prati I*, 81 Fed. Cl. 426 n.10 (citing 26 U.S.C. § 6231(a)(7)).

The Northcutts "attempt to avoid the obviously binding nature of the Federal Circuit's decisions in two ways." Gov't Resp. at 11. First, they argue that they were not afforded an opportunity to distinguish their case from *Prati*. The Northcutts, however, moved for reconsideration after *Prati I* was issued and could have argued then that their circumstances were different, but did not. Gov't Resp. at 11. Moreover, the grounds that the Northcutts now assert as distinguishing their case from *Prati* and *Deegan* are the same grounds offered for distinction on appeal in the other AMCOR cases that were rejected by the Federal Circuit. Gov't Resp. at 11.

Second, the Northcutts offer a new structure for analyzing partnership cases relying on the doctrine of *res judicata*, but this analysis "is [the Northcutts'] own creation and ignores Federal Circuit precedent in *Keener* [*II*] and [*Prati III*]." Gov't Resp. at 12. In addition, both *Duffie* and *Jade Trading* were decided before *Prati III*, so reliance on those cases is an argument that *Prati III* was wrongly decided. Gov't Resp. at 12. In fact, the Northcutts' *Jade Trading* argument was presented to the United States Court of Appeals for the Federal Circuit, which denied rehearing *en banc*, and to the United States Supreme Court, which denied *certiorari*. Gov't Resp. at 12 (citing Pet. for Writ of Cert., *Prati* v. *United States*, 131 S. Ct. 940 (Oct. 29, 2010) (No. 10-610), 2010 WL 4478417; Pet. for Writ of Cert., *Deegan* v. *United States*, 131 S. Ct. 937 (Oct. 29, 2010) (No. 10-602), 2010 WL 4381992; Pet. for Reh'g En Banc, *Deegan* v. *United States*, 603 F.3d 1301 (June 21, 2010) (No. 2008-5129), 2010 WL 2783063; Pet. for Reh'g En Banc, *Prati* v. *United States*, 603 F.3d 1301 (June 21, 2010) (No. 2008-5117), 2010 WL 2783062).

Likewise, the cases that were decided after *Prati III* are not a basis for reconsideration. Gov't Resp. at 12. *Tohono O'Odham* concerned the application of 28 U.S.C. § 1500 and does not affect *Keener II* or *Prati III*, which deal with a different statutory scheme and are directly on point. Gov't Resp. at 12. Similarly, *Henderson* dealt with Department of Veterans Affairs benefits and has no bearing on *Prati III*'s holding as to the limitations and penalty interest claims asserted here. Gov't Resp. at 12-13. Finally, *Stobie Creek* was decided a month after *Prati III*, yet did not reverse *Prati III*, and dealt with a different type of tax shelter. Gov't Resp. at 13.

### 3.      Plaintiffs' Reply.

The Northcutts reply that "[r]econsideration of an interlocutory order should be denied only if the movant was previously afforded a full and fair opportunity to try *their* case," which they were not given. Pl. Reply at 7. The Northcutts did not get a fair chance to distinguish their case based on the Behrens Affidavit and no court has addressed their *res judicata* argument. Pl. Reply at 8. Finally, contrary to the Government's assertion, the arguments made by the parties in *Prati* and *Deegan* are not the same as those made here, and, regardless, denials of rehearing *en banc* and denials of *certiorari* are not rulings on the merits. Pl. Reply at 9-10.

### 4.      Court's Resolution.

The United States Court of Appeals for the Federal Circuit has held that "[t]he decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc.* v. *United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). Since this court

received the case on transfer after the subject order was entered and has not yet adjudicated all of the Northcutts' claims, this Motion For Reconsideration is properly evaluated under the standards of RCFC 54(b). *See* RCFC 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any before the entry of a judgment adjudicating all the claims[.]"). The standard for reconsideration under RCFC 54(b) is considered less rigorous than the standard applicable to final judgments under RCFC 59(e), and is available "'as justice requires.'" *L-3 Commc'ns Integrated Sys., L.P.* v. *United States*, 98 Fed. Cl. 45, 48 (2011) (quoting *Potts* v. *Howard Univ. Hosp.*, 623 F. Supp. 2d 68, 71 (D.D.C. 2009)). "A motion for reconsideration is not intended, however, to give an 'unhappy litigant an additional chance to sway' the court." *Matthews* v. *United States*, 73 Fed. Cl. 524, 525 (2006) (quoting *Froudi* v. *United States*, 22 Cl. Ct. 290, 300 (1991)). Thus, to prevail, a movant must show circumstances such as: an intervening change in controlling legal authority, the discovery of new evidence, or that reconsideration is necessary to prevent manifest injustice. *Cf. Wolfchild* v. *United States*, 68 Fed. Cl. 779, 785 (2005) (quoting *Intergraph Corp.* v. *Intel Corp.*, 253 F.3d 695, 698 (Fed. Cir. 2001)).

The Northcutts' Motion For Reconsideration essentially asks this court to ignore United States Court of Appeals for the Federal Circuit precedent and apply a different analytical framework to their case. The Northcutts argue that reconsideration is warranted because this court should apply a *res judicata*-based analysis adopted by the Fifth Circuit in *Duffie*, and an affected item classification and jurisdiction analysis relied on by the Federal Circuit in *Jade Trading* and *Stobie Creek*. As a threshold matter, *Duffie* is not binding authority on this court. More importantly, both *Duffie* and *Jade Trading* were decided prior to *Prati III* and do not represent an intervening change in legal authority. Indeed, the arguments and cases cited by the Northcutts in this Motion were advanced by the plaintiffs in *Prati* and *Deegan* in their unsuccessful petitions for rehearing *en banc* and for *certiorari*. *See* Pet. for Writ of Cert., *Prati*, 131 S. Ct. 940 (No. 10-610), 2010 WL 4478417; Pet. for Writ of Cert., *Deegan*, 131 S. Ct. 937 (No. 10-602), 2010 WL 4381992; Pet. for Reh'g En Banc, *Deegan*, 603 F.3d 1301 (No. 2008-5129), 2010 WL 2783063; Pet. for Reh'g En Banc, *Prati*, 603 F.3d 1301 (No. 2008-5117), 2010 WL 2783062.

Likewise, the cases cited by the Northcutts that *were* decided after *Prati III* are not availing for two primary reasons. First, these cases are only applicable to this case through the *res judicata* analysis applied in *Duffie*. Second, none of the cases deal with a matter directly on point. In *Henderson*, the United States Supreme Court addressed the issue of whether a 120-day deadline for filing an appeal to the Court of Appeals for Veterans Claims was jurisdictional. 131 S. Ct. at 1200. Similarly, *Tohono O'Odham* dealt with the question of "whether a common factual basis" barred the United States Court of Federal Claims from asserting jurisdiction under 28 U.S.C. § 1500. 131 S. Ct. at 1727. Finally, *Stobie Creek* involved a partnership-level proceeding related to a different tax shelter, and did not purport to overrule or otherwise have any effect on the Federal Circuit's holdings in *Prati III* and *Keener II*. 608 F.3d at 1366. To the extent that the Northcutts argue that the Federal Circuit should apply a *different* analysis than that adopted in *Prati III* and *Keener II*, or that subsequent decisions by the United States Supreme Court should affect the analysis adopted therein, they are free to make that argument on appeal to the Federal Circuit.

The Northcutts' argument based on the "new evidence" in the Behrens Affidavit is also insufficient to justify reconsideration.  Notably, the Affidavit was not "unavailable," as it could have been obtained at any time during the litigation.

The Northcutts' final argument that reconsideration is necessary to prevent manifest injustice, because they have never had the opportunity to distinguish or otherwise argue the facts particular to their case, is also unavailing.  As the Government points out, the Northcutts could have argued that their facts were different and required a different outcome by filing a separate motion to reconsider after *Prati I*, yet they chose instead to rely on the motion to reconsider submitted for all 77 cases decided by *Prati I*.  As for the Northcutts' argument that there is a distinction between settled and unsettled partners, the United States Court of Appeals for the Federal Circuit addressed exactly this distinction in *Prati III*, holding that the United States Court of Federal Claims did not have jurisdiction over the limitations and penalty interest claims of the unsettled partners.  *See Prati III*, 603 F.3d at 1307 (finding no jurisdiction over limitations claims), 1039 (finding no jurisdiction over penalty interest claims).

## III.    CONCLUSION.

For the foregoing reasons, Plaintiffs' August 4, 2011 Motion For Reconsideration is denied.  In accordance with the court's May 26, 2011 Scheduling Order, the Government will file an Answer or other response to Plaintiffs' excessive assessment claims (*see* Compl. ¶¶ 26.F, 36.B) within 60 days of the issuance of this opinion.

**IT IS SO ORDERED.**

  s/ Susan Braden
**SUSAN G. BRADEN**
**Judge**